**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Anthony Michael Brumfield,<br><br>  Defendant. | No. CR-20-00889-001-TUC-SHR (EJM)<br><br>**Order Denying Compassionate Release Motion** |

Pending before the Court is Defendant Anthony Brumfield's "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (*Pro Se* Prisoner)" (the "Motion"). (Doc. 108.) For the following reasons, Defendant's Motion is denied without a hearing.

**I.     BACKGROUND**

In March 2020, Defendant was indicted on three counts: one count of possession of a firearm with an obliterated serial number, and two counts of possession of a machinegun. (Doc. 7.) In March 2022, the Court held a change-of-plea hearing where Defendant entered into a plea agreement and pleaded guilty to one count of possession of a machinegun in violation of 18 U.S.C. § 922(o)(1). (Doc. 88.) According to the Presentence Report (PSR),[1] to which there were no objections and the Court adopted, Defendant had one criminal history point placing him in criminal history category one. (PSR ¶ 3.)

---

[1] The PSR is docketed as item 91 in the electronic record.

In July 2023, Defendant filed this Motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 108.) At the time of filing, Defendant has served approximately 13 months of his 57-month sentence. Defendant's current, projected release date is February 4, 2026.

## II. DISCUSSION

### A. The Parties' Arguments

Defendant seeks a sentence reduction, via the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), based on a change to the U.S. Sentencing Guidelines. (Doc. 108 at 3–5.) Specifically, Defendant argues he is "entitled to a 2 level offense decrease" based on guidelines changes that include "a provision of retroactivity making the changes applicable to [his] case." (*Id.* at 5.)

The Government argues Defendant's Motion "should be denied because (1) [he] has not exhausted his administrative remedies; (2) [he] is not eligible for a sentence reduction under applicable law; (3) the grounds for his sentence reduction are based on sentencing guidelines not currently in effect and which are not retroactive; and (4) [he] would not qualify for the reduction in the amended guidelines even if they applied retroactively." (Doc. 112 at 3.)

### B. Law

The First Step Act became effective December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act allows a sentencing court to reduce a sentence either upon a motion of the Director of the Bureau of Prisons ("BOP") "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. 3582(c)(1)(A).

To grant a sentence reduction, the court must consider "the factors set forth in section 3553(a) to the extent that they are applicable" and find (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of proving he meets all elements of eligibility for a sentence reduction. *See United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (citing cases); *United States v. Greenhut*, No. 18-CR-48-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (defendant bears the burden of establishing entitlement to sentencing reduction).

### C. Analysis

#### a. Administrative Exhaustion

An inmate must first exhaust his administrative remedies before filing a motion for compassionate release or wait thirty days from the date an inmate requests the warden file such a motion on the inmate's behalf. 18 U.S.C. § 3582(c)(1)(A). When an inmate has not exhausted his administrative remedies, the Court has no jurisdiction to waive this requirement. *See e.g., Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction"); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (the courts should "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

Here, Defendant has not submitted an administrative request for compassionate release to the BOP. Accordingly, Defendant has not exhausted his administrative remedies and his claim fails for that reason alone. Nonetheless, the Court will also explain why Defendant's claim is otherwise meritless.

#### b. Extraordinary and Compelling Reasons

Defendant argues he is "entitled to a 2 level offense decrease" based on the proposed guideline changes. (Doc. 108.) Defendant argues this constitutes an extraordinary and compelling reason for his release. (*Id.* at 4.)

Section 1B1.13 of the United States Sentencing Guidelines (U.S.S.G.) defines four "extraordinary and compelling reasons" that may make a defendant eligible for

compassionate release.² First, certain medical circumstances or conditions of the defendant, including (1) "a terminal illness"; or (2) "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A). Second, a defendant who "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* n.1(B). Third, certain family circumstances related to Defendant. *Id.* n.1(C). Fourth, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the previous three reasons. *Id.* n.1(D).

In April 2023, the United States Sentencing Commission submitted to Congress amendments to the sentencing guidelines and official commentary; these amendments are set to become effective on November 1, 2023. *See* United States Sentencing Commission, *Amendments to the Guidelines Manual*, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Sep. 11, 2023). The amendments add a Part C to Chapter 4 of the U.S. Sentencing Guidelines that includes a two-level offense level reduction if the defendant meets ten criteria. Specifically, the amendment states:

> **§4C1.1. Adjustment for Certain Zero-Point Offenders**
> (a) Adjustment.—If the defendant meets all of the following criteria:
>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

---

²Although § 1B1.13 is not a binding policy statement governing compassionate release motions, courts may consider it when determining whether "extraordinary and compelling reasons" exist to warrant a defendant's immediate release. *United States v. Aruda*, 993 F.3d 797, 798–99, 802 (9th Cir. 2021).

- 4 -

   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
   (4) the offense did not result in death or serious bodily injury;
   (5) the instant offense of conviction is not a sex offense;
   (6) the defendant did not personally cause substantial financial hardship;
   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
   (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
   (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
   (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.*

Here, Defendant checked the box on his form indicating his Motion falls under "other extraordinary and compelling reasons for his release." (Doc. 108 at 4.) Defendant's argument fails for at least two reasons. First, the § 4C1.1 Amendment does not yet apply because it is not effective until November 2023. Second, even if the § 4C1.1 Amendment was effective and applied retroactively, Defendant does not qualify for an adjustment under this Amendment because he had one criminal history point and was convicted of a crime involving possession of a firearm.

In light of the foregoing, Defendant has not shown "extraordinary and compelling reasons" justifying his early release from prison. *See United States v. Hamman*, No. 3:16-CR-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020) ("[Defendant] bears the burden to show special circumstances meeting the high bar set by Congress and the Sentencing Commission for compassionate release.")

  c. Section 3553(a) Factors

Courts are required to reflect upon the factors outlined in 18 U.S.C. § 3553(a) when

- 5 -

considering a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

Defendant was convicted of possession of a machine gun. (PSR ¶ 3.) He sold multiple firearms to a third person including one with a Glock machine gun conversion device and one with an obliterated serial number. (PSR ¶¶ 7–13.) Defendant described to the buyer how to install the Glock machine gun conversion device—a device designed to convert a semi-automatic Glock pistol to a fully automatic machine gun, expelling more than one projectile with the single press of the trigger. (PSR ¶¶ 11, 13.) Defendant also advertised illegal weapon and drug sales on Snapchat (PSR ¶¶ 10–11, 13) and has continued to associate with a known gang member (PSR ¶¶ 17, 37). Lastly, Defendant has a prior misdemeanor conviction for solicitation to possess a prohibited weapon that occurred when he was stopped and had marijuana and a rifle (with an illegally shortened barrel). (PSR ¶ 37.)

Therefore, even if Defendant had identified a proper "extraordinary and compelling reason," the Court concludes the relevant § 3553(a) factors do not weigh in favor of Defendant's release. Defendant poses a danger to the community based on his past possession of illegal firearms, selling of illegal firearms, and involvement in drug sales. Notably, Defendant committed this crime after previously receiving leniency for a similar offense.

### III. CONCLUSION

It is Defendant's burden to show that extraordinary and compelling reasons exist to support his release and he has not done so. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Greenhut*, No. 18-CR-48-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

Accordingly,

**IT IS ORDERED** Defendant's Motion (Doc. 108) is **DENIED**.

Dated this 11th day of September, 2023.

Honorable Scott H. Rash
United States District Judge