WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>Anthony Michael Brumfield,<br><br>　　　　Defendant/Movant. | No. CV-22-00408-TUC-SHR<br>　　　CR-20-00889-TUC-SHR (EJM)<br><br>**Order Denying § 2255 Motion** |

Pending before the Court is Movant Anthony Brumfield's Amended Motion to Vacate, Set Aside, or Correct a Sentence pursuant 28 U.S.C. § 2255 (the "Amended Motion"). (Doc. 4.) For the following reasons, Movant's Amended Motion is denied without a hearing.

**I.　BACKGROUND**

Movant was indicted on three counts: one count of possession of a firearm with an obliterated serial number, and two counts of possession of a machinegun. (CR Doc. 7.)[1] During the criminal proceedings, Mark Resnick represented Movant and Assistant United States Attorney (AUSA) Sarah B. Houston represented the government.[2] (CR Doc. 12; CR Doc. 51.)

In March 2022, the Court held a change-of-plea hearing where Movant entered into

---

[1] CR refers to Movant's criminal docket: 20-CR-00889-TUC-SHR(EJM).
[2] Ms. Houston replaced AUSA Angela W. Woolridge on June 15, 2021. (CR Doc. 51.)

a plea agreement and pleaded guilty to one count of possession of a machinegun in violation of 18 U.S.C. § 922(o)(1). (CR Doc. 88.) During the hearing, the Court informed Movant, "The lowest sentence is 57 months. The maximum sentence is 120 months, depending, again, on your criminal history category." (CR Doc. 104 at 7:9–12.) The Court asked whether Movant understood this, and whether Movant agreed to be sentenced in this manner. (*Id.* at 7:12–16.) Movant, under oath, responded, "Yes, sir" to both questions. (*Id.* at 4:20–22; 7:13, 16.) Furthermore, Movant agreed he was entering into the plea agreement voluntarily and because he was guilty. (*Id.* at 12:5–7.)

Movant also personally signed the written plea agreement and avowed he read and understood the provisions of the agreement. (CR Doc. 89 at 7–9.) The plea agreement included stipulated sentencing ranges: the lowest range was 57–71 months and the highest range was 110–120 months. (*Id.* at 2–3.) The plea stated, "If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw." (*Id.* at 3.)

At the sentencing hearing, the Court stated, "Based on the presentence report, the Court finds the guidelines provide for a sentencing range of 57 to 71 months, based on an offense level of 25 and a criminal history category of I." (CR Doc. 105 at 4:9–12.) Both parties agreed that the lowest possible sentence was 57 months. (*Id.* at 7:14–18; 8:11–14.) Movant was sentenced to 57 months, with credit for time served, followed by three years of supervised release. (*Id.* at 9:4–8.)

In September 2022, Movant, who is now confined in the Federal Correctional Institution in Lompoc, California,[3] filed a § 2255 motion. (Doc. 1; Doc. 11.) In September 2022, the Court denied that motion and gave Movant 30 days to file an amended motion because Movant failed to file on a court-approved form. (Doc. 3.) In October 2022, Movant filed this Amended Motion arguing for a reduction of his sentence because he received ineffective assistance of counsel. (Doc. 4.)

. . . .

---

[3] At the time of the filing, Movant was at a different facility. (*See* Doc. 1; Doc. 11.)

- 2 -

## II. DISCUSSION

### A. The Parties' Arguments

Movant appears to make two ineffective-assistance-of-counsel claims. First, Movant asserts his attorney did not adequately inform him of the sentence he could receive if he accepted the plea agreement. (Doc. 4 at 5.) Specifically, Movant argues his attorney told him he would be "given 0–57 months and the judge had the discretion to sentence [him] to what he [saw] fit." (*Id.*) According to Movant, he learned during sentencing the lowest sentence he could receive under the plea agreement was 57 months and he could not do anything at that point. (*Id.*) Second, Movant argues he was not "effectively represented" because his attorney had a conflict of interest. (*Id.*) Specifically, Movant argues Mr. Resnick had a conflict of interest because he "had a pending legal battle" with Ms. Woolridge where she was "accused of egregious acts against Mr. Resnick's two other clients." (*Id.*) According to Movant, this gave him an unfair chance at a fair plea agreement. (*Id.*)

The Government argues Movant fails to demonstrate Mr. Resnick provided inaccurate information about the terms of the plea agreement and the record illustrates Movant accepted the plea knowingly and voluntarily. (Doc. 10 at 5.) The Government also argues Movant's concerns about Mr. Resnick's interactions with Ms. Wooldridge are insufficient to establish a conflict of interest that would result in ineffective assistance of counsel. (*Id.*)

### B. Section 2255 and Ineffective-Assistance-of-Counsel Standards

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). An evidentiary hearing on a § 2255 motion need not be granted if "the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *See United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).

In order to establish ineffective assistance of counsel, the movant must demonstrate (1) defense counsel's representation fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the movant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Both *Strickland* prongs need not to be evaluated if the movant makes an insufficient showing on one. *See Strickland*, 466 U.S. at 697; *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other."). The Court must determine, based on the particular facts of the case, "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Courts must consider ineffective-assistance-of-counsel claims with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

### C. Analysis

#### a. Claim #1: Plea Agreement

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . [h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [deficient]." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). A plea is voluntary and intelligent if, under the totality of the circumstances, the defendant is made aware of the direct consequences of the plea, the "essential ingredient" of which is the maximum possible penalty. *See Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006). "A consequence is 'direct' where it presents 'a definite, immediate and largely automatic effect' on the defendant's range of punishment." *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir. 1997) (quoting *United States v. Wills*, 881 F.2d 823, 825 (9th Cir. 1989)).

"Solemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (quoting *United States v. Moore*,

599 F.2d 310, 314 (9th Cir. 1979)). Nevertheless, "[a] guilty plea cannot be induced by . . . misrepresentation." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947 (9th Cir. 2007) (en banc). "[A] defendant who pleads guilty in reliance on his or her attorney's 'gross mischaracterization of the likely outcome' of his or her case may be entitled to withdraw the plea on ineffective assistance of counsel grounds." *Id.*

Here, Movant admitted in open court he was guilty of the offense charged and he has not demonstrated he received deficient advice from his attorney. The government included an affidavit from Mr. Resnick wherein he indicated he had met with Movant "prior to his change of plea hearing and sentencing hearing," provided Movant a copy of the plea agreement, and "advised [Movant] that the written plea agreement would not permit a variance or downward departure and that [Movant's] sentence could not be lower than 57 months." (Doc. 10-1 at 1–2.) The written plea agreement indicated Movant's lowest possible sentence was 57 months and the Court notified him of this at both the change-of-plea hearing and the sentencing hearing. At both hearings, Movant indicated he understood, and he did not object to the 57 months despite having an opportunity to speak. (CR Doc. 105 at 8:15–9:3.) Therefore, Movant has not shown he pleaded guilty in reliance on Mr. Resnick's gross misrepresentation of the likely outcome of his case to establish he entered into the plea involuntarily or unintelligently. Plaintiff's claim is meritless and he fails to satisfy either *Strickland* prong.

b. Claim #2: Unfair Plea and Conflict of Interest

To prevail on an ineffective-assistance-of-counsel-claim due to a conflict of interest, the defendant must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)).

Although it is true Mr. Resnick represented two other individuals in cases involving Ms. Woolridge, those cases appear unrelated to Movant's case and Movant does not attempt to explain how those cases are related to his or how Mr. Resnick's representation

in those cases created a conflict.[4] Furthermore, Ms. Woolridge's involvement in Movant's case ended at least nine months before the plea agreement was entered. The plea agreement was also offered by a different AUSA. Movant does not argue the sentence was inconsistent with the sentencing guidelines based on the offense level and his prior criminal history. Therefore, Plaintiff's claim is meritless and he cannot satisfy either *Strickland* prong.

Accordingly,

**IT IS ORDERED** Movant's Amended Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filed in 20-cr-00889-SHR-EJM (Doc. 102) and (Doc. 4) filed in 22-cv-00408-SHR are **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk of the Court to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability in this matter because jurists of reason would not find the Court's assessment of the constitutional claims debatable or wrong.

Dated this 11th day of September, 2023.

Honorable Scott H. Rash
United States District Judge

---

[4] Mr. Resnick was involved in the following cases: CR18-01837-TUC-JGZ(LCK) (*See* Doc. 102.); and CR19-03123-TUC-JGZ-(LCK) (*See* Doc. 29.) His motion to withdraw as counsel was granted in both cases in May 2020.